UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
NATIONAL ENVIRONMENTAL SAFETY
COMPANY, INC.,

          Plaintiffs,

  -against-

ROBERT KATZ, HELEN KATZ, and
GLOBAL HOME SOLUTIONS, LLC.,

          Defendants.
------------------------------------------------------------------X

For Online Publication Only

**ORDER**
18-cv-02161 (JMA) (GRB)

FILED
CLERK
5/6/2019 10:29 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

Before the Court is the motion of plaintiff National Environmental Safety Company, Inc. for default judgment against defendants Robert Katz and Helen Katz (the "Katz Defendants") for $400,000 for breach of a promissory note (the "Promissory Note," ECF No. 1-1); interest in the amount of $256,000 based on the contractual default rate; and $55,896.76 in attorney's costs and fees. (ECF Nos. 15, 16, 17, 18.) For the reasons stated herein, plaintiff's motion is GRANTED, and plaintiff is awarded a default judgment against defendants Robert Katz and Helen Katz.

## I. DISCUSSION

### A. **Defendants Defaulted**

The Katz Defendants were properly served in the action, but have not answered, appeared in this action, responded to the instant motion for default judgment, or otherwise defended this action.

However, the Court's records reflect that plaintiff has not properly served defendant Global Home Solutions, LLC ("Global"). The complaint in this action was filed on April 11, 2018. (ECF No. 1.) In denying plaintiff's request for a certificate of default, the Clerk of the Court noted that

the proof of service on Global dated April 20, 2018, does not demonstrate that the summons and complaint were properly served.  (See ECF No. 11.)  To date, plaintiff has not provided proof of timely service on Global, nor shown good cause why it could not effectuate service.  See Fed. R. Civ. P. 4(m).  Nor was the instant motion served on Global.  (See ECF No. 19.)  Accordingly, plaintiff is only entitled to a default judgment against the Katz Defendants.

Based on the foregoing, unless plaintiff files proof of timely service on Global, or shows good cause why service has not been effected within fourteen (14) days of this Order, the claims against Global will be dismissed pursuant to Federal Rule of Civil Procedure 4(m).

**B. Liability**

When a defendant defaults, the Court is required to accept all of the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor.  Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009).  However, the Court also must determine whether the allegations in the complaint establish the defendant's liability as a matter of law.  Id.  Here, the allegations in the complaint are sufficient to establish the Katz Defendants' liability for breach of the Promissory Note.

**C. Damages**

"'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'"  Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)).  The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty."  Credit Lyonnais Sec.,

Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)).

Plaintiff seeks recovery of $400,000 for defendants' breach of the Promissory Note, together with $256,000 in interest based on the contractual default rate of 12% per annum beginning in September 2013. (See ECF No. 1-1 at 1, 3; ECF No. 18 at 2.) The Court finds that plaintiff's submissions establish these damages to a reasonable certainty and plaintiff is awarded $656,000 in damages.

D. **Attorneys' Fees and Costs**

Plaintiff also requests an award of $55,896.76 in attorneys' fees and costs. "Under New York law, a contract that provides for an award of reasonable attorneys' fees to the prevailing party in an action to enforce the contract is enforceable if the contractual language is sufficiently clear." NetJets Aviation, Inc. v. LHC Commc'ns, LLC, 537 F.3d 168, 175 (2d Cir. 2008). Pursuant to the terms of the Promissory Note, the defendants agreed to pay all expenses, "including but not limited to reasonable attorneys' fees, whether with respect to the investigation of such default . . . or the pursuit of remedies with respect thereto, or legal proceedings, or otherwise." (ECF No. 1-1 at 3.)

In determining a reasonable attorneys' fees award, both the Supreme Court and Second Circuit "have held that the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a presumptively reasonable fee." Millea v. Metro–North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011) (internal quotation omitted). "The presumptively reasonable fee boils down to 'what a reasonable, paying client would be willing to pay,' given that such a party wishes 'to spend the minimum necessary to litigate the case effectively.'" Simmons v. NYC Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009) (quoting Arbor Hill Concerned Citizens

Neighborhood Ass'n v. County of Albany, 493 F.3d 110, 112, 118 (2d Cir.2007), amended on other grounds by 522 F.3d 182 (2d Cir.2008)).

The Court has reviewed the billing records and finds the hourly rates detailed therein to be unreasonably high, particularly considering that plaintiff failed to provide any support for the reasonableness of the requested rates. While plaintiff does provide contemporaneous billing records, there is no indication of the experience level of the various individuals who billed time to this matter, beyond their titles. Accordingly, the Court reduces the requested hourly rates to: $500-$600 per hour for partners,[1] $300 per hour for associates, and $100 per hour for paralegals. See, e.g. Grand v. Schwarz, No. 15-CV-8779, 2019 WL 624603, at *5–6 (S.D.N.Y. Feb. 14, 2019) (reducing the requested attorneys' fees for a contractual dispute because they were well above other requested and approved rates for contract disputes). Plaintiff is thus entitled to $46,999.30 in reasonable attorneys' fees and costs.[2]

## II. CONCLUSION

For the reasons stated above, Plaintiff's motion for a default judgment is granted. Robert Katz and Helen Katz are jointly and severally liable to plaintiff National Environmental Safety Company, Inc. for a total of $702,999.30, consisting of $656,000 in damages and $46,999.30 in attorneys' fees and costs.

Plaintiff must file proof of timely service of this action on Global or show good cause why service has not been effected within fourteen (14) days of this Order. Should plaintiff fail to do

---

[1] For partners that billed less than $600 per hour, the Court assigns an hourly rate of $500 per hour, for partners that billed more than $600 per hour, the Court assigns an hourly rate of $600 per hour.

[2] Plaintiff only requests attorneys' fees and costs for the amount actually paid. (See ECF No. 18, at 2; ECF No. 17 ¶¶ 9–10; ECF No. 17-4). Accordingly, the Court did not include the hours billed for the final invoice dated January 7, 2019 in its award of attorneys' fees and costs. (See ECF No. 17-3 at 34–39; ECF No. 17-4)

so, the claims against Global will be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m) and the Clerk of the Court will be directed to mark this case closed.

**SO ORDERED.**

Dated: May 6, 2019
Central Islip, New York

                                                  /s/ (JMA)
                                        JOAN M. AZRACK
                                        UNITED STATES DISTRICT JUDGE