UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
NATIONAL ENVIRONMENTAL SAFETY
COMPANY, INC.,

                                            Plaintiff,

                 -against-

ROBERT KATZ, HELEN KATZ, and
GLOBAL HOME SOLUTIONS, LLC,

                                          Defendants.
-----------------------------------------------------------------------X

For Online Publication Only

**ORDER**
18-CV-02161 (JMA) (ARL)

FILED
CLERK
5/3/2022 12:30 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

Before the Court is the motion of Plaintiff National Environmental Safety Company, Inc. for a default judgment against Defendant Global Home Solutions, LLC ("Global"). Plaintiff seeks $400,000.00 for breach of a promissory note (the "Promissory Note," ECF No. 1-1); interest in the amount of $274,000.00 based on the contractual default rate; and $6,466.00 in attorneys' fees. (ECF Nos. 31, 32, 33, 34.) For the reasons stated herein, Plaintiff's motion is GRANTED and Plaintiff is awarded a default judgment against Defendant Global Home Solutions, LLC.

### I.  DISCUSSION

**A. Defendant Defaulted**

The Court previously granted Plaintiff's motion for default judgment against defendants Robert Katz and Helen Katz (the "Katz Defendants"). (ECF Nos. 20, 21.) However, the Court declined to enter a default judgment against Global at that time because Plaintiff had not yet properly served Global. (ECF No. 20.) Plaintiff subsequently served a summons and the complaint on Global on April 28, 2020. (ECF No. 24-1). Since then, Global has not answered, appeared in this action, responded to the instant motion for default judgment, or otherwise defended this action. Accordingly, Global has defaulted.

B. <u>Liability</u>

When a defendant defaults, the Court is required to accept all of the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. <u>Finkel v. Romanowicz</u>, 577 F.3d 79, 84 (2d Cir. 2009). However, the Court also must determine whether the allegations in the complaint establish the defendant's liability as a matter of law. <u>Id.</u> Here, the allegations in the complaint are sufficient to establish Global's liability for breach of the Promissory Note.

C. <u>Damages</u>

"'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" <u>Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC</u>, 779 F.3d 182, 189 (2d Cir. 2015) (quoting <u>Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc.</u>, 699 F.3d 230, 234 (2d Cir. 2012)). The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty." <u>Credit Lyonnais Sec., Inc. v. Alcantara</u>, 183 F.3d 151, 155 (2d Cir. 1999) (citing <u>Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.</u>, 109 F.3d 105, 111 (2d Cir. 1997)).

Plaintiff seeks to hold Global jointly and severally liable with the Katz Defendants for breach of the Promissory Note. Specifically, Plaintiff pursues recovery of $400,000.00 for Global's non-payment of the Promissory Note, along with $274,000.00 in interest based on the contractual default rate of 12% per annum beginning in September 2013, which excludes $130,000.00 in payments made on the Promissory Note by the Katz Defendants. (ECF Nos. 32, 33.) The Court finds that Plaintiff's submissions establish these damages to a reasonable certainty, and as a result, Global is liable to Plaintiff for $674,000.00.

2

D. **Attorneys' Fees**

Plaintiff also requests an award of $6,466.00 in attorneys' fees. "Under New York law, a contract that provides for an award of reasonable attorneys' fees to the prevailing party in an action to enforce the contract is enforceable if the contractual language is sufficiently clear." NetJets Aviation, Inc. v. LHC Commc'ns, LLC, 537 F.3d 168, 175 (2d Cir. 2008). Pursuant to the terms of the Promissory Note, Global agreed to pay all expenses, "including but not limited to reasonable attorneys' fees, whether with respect to the investigation of such default . . . or the pursuit of remedies with respect thereto, or legal proceedings, or otherwise." (ECF No. 1-1 at 3.)

In determining a reasonable attorneys' fees award, both the Supreme Court and Second Circuit "have held that the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a presumptively reasonable fee." Millea v. Metro–North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011) (internal quotation omitted). "The presumptively reasonable fee boils down to 'what a reasonable, paying client would be willing to pay,' given that such a party wishes 'to spend the minimum necessary to litigate the case effectively.'" Simmons v. NYC Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009) (quoting Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany, 493 F.3d 110, 112, 118 (2d Cir. 2007), amended on other grounds by 522 F.3d 182 (2d Cir. 2008)).

The Court has reviewed the Declaration of Joseph A. Farco and the attached billing records (ECF No. 34) and finds the hourly rates detailed therein to be unreasonably high. This is particularly true given that Plaintiff did not provide any support for the reasonableness of the requested rates. For example, although Plaintiff provided contemporaneous billing records, there is no indication of the experience level of the individuals who billed time to this matter. Accordingly, and consistent with the Court's prior Order awarding attorneys' fees against the Katz Defendants, (ECF No. 20), the Court reduces the requested hourly rates as follows: partner Joseph

Farco's hourly rate is reduced to $500.00 (from the requested $550.00 per hour); and the hourly rate of Janice Lustiger, whose title is not provided, is reduced to $100.00 (from the requested $235.00 per hour). Plaintiff is thus entitled to $5,810.00 in reasonable attorneys' fees.

## II.  CONCLUSION

For the reasons stated above, Plaintiff's motion for a default judgment is granted. The Clerk of the Court is respectfully directed to enter judgment against Defendant Global Home Solutions, LLC and in favor of Plaintiff National Environmental Safety Company, Inc. for a total of $679,810.00, consisting of $674,000.00 in damages and $5,810.00 in attorneys' fees.

The Clerk of the Court is directed to close this case.

**SO ORDERED.**

Dated: May 3, 2022
Central Islip, New York

                                                    /s/     (JMA)
                                        JOAN M. AZRACK
                                        UNITED STATES DISTRICT JUDGE